IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JIMMY WEAVER,                     )
                                  )
        Petitioner,                )
                                  )
    v.                            )   No. 15 C 3284
                                  )
KIMBERLY BUTLER, Warden,          )
                                  )
        Respondent.                )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Jimmy Weaver's (Weaver) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

# BACKGROUND

In December 2010, in Illinois state court, Weaver pled guilty to attempted first-degree murder for severely beating a man and causing severe brain injuries to him. Weaver was sentenced to 30 years of incarceration. Weaver filed an appeal and on January 13, 2014, the Illinois Appellate Court affirmed the conviction and sentence. Weaver then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was denied on May 28, 2014. The record does not

1

reflect that Weaver ever filed a post-conviction petition or sought any collateral relief. On April 13, 2015, Weaver filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

**DISCUSSION**

This court has liberally construed Weaver's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Weaver asserts in the Petition that he received ineffective assistance of counsel because his counsel allegedly advised him to plead guilty without requesting a behavioral clinical examination to determine his mental health at the time of the offense, and because his counsel allegedly failed to investigate Weaver's mental health history or explore the possibility of pursuing an insanity defense.

I. Petition

Respondent argues that Weaver's claim lacks any merit. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). The Illinois Appellate Court expressly rejected the claim that Weaver now presents in the Petition. Weaver has not shown that the Illinois Appellate Court's ruling was legally or factually unreasonable or that his claim has any merit. Weaver contends that he suffers from a

severe fear of the dark, which he contends is a recognized mental illness. At trial, Weaver's mother testified that Weaver had suffered from a fear of the dark since he was a child. *People v. Weaver*, 2014 IL App (3d) 120171-U, ¶ 19. The Illinois Appellate Court correctly concluded that although Weaver may have informed certain persons that his violence stemmed from being afraid of the dark, "there is nothing in the record to indicate that he was insane at the time" he committed the offense. *People v. Weaver*, 2014 IL App (3d) 120171-U, ¶ 41. The court further correctly concluded that "[t]his is particularly true when [Weaver] was never diagnosed or treated for this condition, which he and his parents claim he suffered from since childhood." *Id.* This court agrees with the Illinois Appellate Court that Weaver's counsel acted within the scope of effective assistance of counsel.

The Illinois Appellate Court correctly noted that although Weaver claimed to have stated that he "killed a demon" in his basement and did not remember everything that happened on the night in question, Weaver also admitted to telling his "counsel that he was drunk on the night of the incident, that he was a recent steroid user, and that he took various nonprescribed medications." *Id.* at ¶ 35, 40. Thus, Weaver's counsel had every reason to conclude that Weaver's claimed disorientation was the result of his voluntary ingestion of alcohol and drugs. Weaver's counsel did not have a reasonable basis to suspect that Weaver was mentally ill or a reasonable basis to conclude that a mental health examination was warranted. In certain instances when there is evidence in the record that shows that "counsel had reason to know, from an objective standpoint, that a possible defense,

4

such as insanity, was available, failure to investigate fully can constitute ineffective assistance of counsel." *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002). However, in the instant action, Weaver has not pointed to evidence to show that his counsel had reason to know that he might be mentally ill.

The Illinois Appellate Court also properly concluded that based upon Weaver's history of convictions for violent offenses and such lack of evidence to support an insanity defense, it was entirely reasonable for his counsel not to pursue an insanity defense. *People v. Weaver*, 2014 IL App (3d) 120171-U, ¶ 41; *see also McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland*, 466 U.S. at 689); *Wyatt*, 574 F.3d at 457-58 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance").

Not only has Weaver failed to show that he received ineffective assistance of counsel, he has failed to show that he was prejudiced by the absence of such a defense or mental health examination. The Illinois Appellate Court properly concluded that "[c]onsidering [Weaver's] past convictions for violent offenses, it is not objectively unreasonable to believe that trial counsel's decision not to pursue an insanity defense was sound trial strategy" and that Weaver's "proclivities toward

5

substance abuse and battering his lady friends makes an insanity defense in this instance a hard, perhaps impossible, sell to a jury." *Id.*; *see also People v. Free*, 447 N.E.2d 218, 232 (Ill. 1983)(stating that "voluntary intoxication on drugs, alcohol or both is not a mental disease or mental defect which amounts to legal insanity"). The record also reflects that Weaver's own mother, who testified as a mitigating witness, indicated that he did not know what he was doing because he was under the influence of alcohol, stating that Weaver "had two personalities, one when sober and one when drunk." *People v. Weaver*, 2014 IL App (3d) 120171-U, ¶ 19. This court agrees with the Illinois Appellate Court that "[i]t was a reasonable choice to forego this option in favor of a reduced sentencing range." *Id.* at ¶ 41. Even if Weaver's counsel had ordered a mental health examination and pursued an insanity defense, the record does not indicate that such an examination would have revealed any relevant mental health issues or that the defense would have succeeded. Weaver chose to plead guilty and the fact that he may now be dissatisfied with that decision or his sentence is not a sufficient basis to vacate his plea and present new defenses. Based on the above, the Petition is denied.

II. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Weaver has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Weaver shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Weaver decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 19, 2016